IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

**KEITH HOWARD, ARCHIE SMITH, STEPHANIE BANKS, KEVIN JACKSON, JERRY PANCYZK, MARIANNE HEIKKILA, TERRY GREENFIELD, AND AUTUMN TENDZIELOSKI**, on behalf of themselves and all other persons similarly situated, known and unknown,

    Plaintiffs,

v.

**POST FOODS, LLC,** a Delaware Limited Liability Company,

    Defendant.

**Case No. 1:19-cv-570**

---

Gordon A. Gregory (P14359)
Richard M. Olszewski (P81335)
Gregory, Moore, Brooks & Clark, P.C.
65 Cadillac Square, Suite 3727
Detroit, MI 48226
(313) 964-5600
*Attorneys for Plaintiffs*

---

## CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY

Plaintiffs, Keith Howard, Archie Smith, Stephanie Banks, Kevin Jackson, Jerry Pancyzk, Marianne Heikkila, Terry Greenfield, and Autumn Tendzieloski on

behalf of themselves and all others similarly situated, by and through their attorneys, bring this class and collective action lawsuit against Defendant Post Foods, LLC. Plaintiffs allege as follows:

## INTRODUCTION

1. This is a collective and class action brought pursuant to 29 U.S.C. § 216(b) and Federal Rule of Civil Procedure 23 by Plaintiffs, individually and on behalf of all similarly situated persons employed or previously employed during the relevant period by Defendant arising from Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and the Michigan Workforce Opportunity Wage Act ("WOWA"), MCL § 408.411 *et seq.*

2. Defendant employed Plaintiffs and other similarly situated employees but failed to compensate them for all hours worked under the FLSA and the WOWA.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 as Plaintiffs' claims raise a federal question.

4. This Court has supplemental jurisdiction over Plaintiffs' state law claims under the WOWA pursuant to 28 U.S.C. § 1367 because these claims arise under the same facts and are so related to Plaintiffs' federal law claims that they form

part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint substantially occurred in this District.

## THE PARTIES

6. At all times material to this action, Plaintiffs were, and continue to be, residents of Michigan within the Western District of Michigan.

7. At all times relevant to this Complaint, Plaintiffs were "employees" of Defendant as defined by the FLSA, 29 U.S.C. § 302(e), and the WOWA, MCL § 408.412(c).

8. Defendant is a foreign limited liability company authorized to do business in Michigan pursuant to the state laws of Michigan.

9. Defendant's business operations are located in Battle Creek, Michigan.

10. At all times relevant to this Complaint, Defendant was an "employer" of Plaintiffs and similarly situated individuals as defined by the FLSA, 29 U.S.C. § 203(d), and the WOWA, MCL § 408.412(d).

## FACTUAL ALLEGATIONS

11. Defendant is a cereal manufacturer who regularly employs hundreds of workers in its Battle Creek plant.

12. Local Union #374 of the United Cereal, Bakery, and Food Workers of the Retail, Wholesale & Department Store Union UFCW ("Union") collectively represents Defendant's employees.

13. Defendant entered into a collective bargaining agreement ("Agreement") with the Union effective October 5, 2015 to October 4, 2020.

14. Article 43.1 of the Agreement states:

> "The Company will supply uniforms and laundry services at no cost to the employee. Uniforms must be worn by employees while at work. Employees shall be required to change clothing on Company premises, and that time shall not be counted as time worked. Employees may not wear or take their uniforms or any safety shoes outside of Plant security gates. This provision will be implemented at a time determined by the Company during the term of this Agreement with 30 days advance notice to the Union."

15. During the negotiations of the Agreement in 2015, substantial plant restructuring was not discussed. Defendant did not inform the Union of the planned or potential elimination of many locker rooms, the removal of entry points, or other material restructuring plans.

16. During negotiations, Defendant and the Union agreed to bargain over any future alterations to the uniform policy prior to such changes taking effect.

17. On or about April 11, 2019, the Union received notice from the Defendant regarding the planned implementation of changes to the uniform policy referenced in Article 43.1 of the Agreement.

18. On or about April 26, the Union received notice from the Defendant setting forth the specific changes to the uniform policy and timetable for the implementation of the changes.

19. Defendant implemented the changes to the uniform policy, known as the Battle Creek Food Safety Procedures GMP Entry and Exit Procedure ("Captive Uniform Policy"), in phases, beginning on May 13 and achieving full implementation on May 28.

20. Prior to the institution of the Captive Uniform Policy, employees were not required to change into their uniforms on Defendant's premises.

21. Employees wore their uniforms while traveling to work and entered the building through one of the four available entrances. Upon entering the building, the employees put on earplugs and hairnets and sanitized their shoes. They then clocked in at the time clocks located close to the entrances. After beginning their shift, they would put on bump caps and safety glasses and proceed to the break room to receive their work assignments.

22. Locker rooms were available in each of the buildings for the convenience of employees.

23. The time employees spent on Defendant's premises preparing for their shift was minimal.

24. The Captive Uniform Policy requires employees to change into their uniforms on Defendant's premises and establishes a procedure for doing so.

25. In conjunction with the Captive Uniform Policy, Defendant conducted a substantial restructuring of the plant. This restructuring included eliminating or relocating locker rooms and time clocks.

26. After the implementation of the Captive Uniform Policy, employees are required to enter the building through a single entrance. Employees change into their work shoes, retrieve their uniforms, and proceed to the only available locker room. Employees then continue to the handwashing and footwear sanitizing station in another building through a designated walkway. Employees are often forced to wait in line in order to utilize the station. At this station, Employees are also required to put on hair nets, ear plugs, and sanitize any equipment they are carrying. After fulfilling these requirements, employees travel to their respective work areas in various buildings in order to clock in at a time clock. After beginning their shift, employees continue to the break room in order to receive their work assignments.

27. In light of the plant restructuring, the Captive Uniform Policy has the effect of substantially increasing the time an employee spends on Defendant's premises preparing for their shift before clocking in.

## COLLECTIVE ACTION ALLEGATIONS

28. Plaintiffs bring the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b).

29. Plaintiffs assert these claims on behalf of themselves and on behalf of all similarly situated employees.

30. Plaintiffs seek to notify the following employees at the earliest time possible of their right under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join the action:

> All individuals who worked at any time during and after April 2019 for Defendant at its plant located in Battle Creek, Michigan.

(hereinafter referred to as the "FLSA Class"). Plaintiffs reserve the right to amend this definition as necessary.

31. Upon information and belief, Defendant has employed many similarly situated employees during the time period relevant to this action. The identities of these employees, as a group, are known only to Defendant.

32. Because the numerous members of this collective action are unknown to Plaintiffs, joinder of each member is not practical.

33. Plaintiffs ask this Court to require Defendant to furnish Plaintiffs with the contact information of other similarly situated employees pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their FLSA claims.

34. Collective adjudication is appropriate in this case because the employees who Plaintiffs wish to notify of this action:

   a. Have been employed in the same or similar position as Plaintiffs,
   b. Have performed work similar to that of Plaintiffs,
   c. Have been subject to the same policies and procedures as Plaintiffs, and
   d. Have been subject to compensation practices similar to those which form the basis of Plaintiffs' case.

## CLASS ACTION CLAIMS

35. Plaintiffs seek to certify their state law claim arising under WOWA as a Federal Rule of Civil Procedure Rule 23 class action.

36. The class which Plaintiffs seek to certify as a class action is defined as:

> All individuals who worked at any time during the past three years for Defendant at its plant located in Battle Creek, Michigan.

(hereinafter referred to as the "WOWA Class"). Plaintiffs reserve the right to amend this definition if necessary.

37. A class action under Rule 23 is appropriate because:

a. The class is so numerous that joinder of class members is impractical. While the precise number of WOWA Class members has not been determined at this time, Plaintiffs believe that Defendant has employed a significant number of individuals during the last three years;

b. There are questions of law or fact common to the class and those common questions of law or fact predominate over any questions affecting only individual WOWA Class members. These common questions of law and fact include, but are not limited to, whether Defendant failed to pay Plaintiffs and WOWA Class members the appropriate wage for all hours worked in violation of the WOWA.

c. Plaintiffs and WOWA Class members have been equally affected by Defendant's failure to compensate employees for all compensable time, making the claims and defenses of Plaintiffs typical of WOWA Class members; and

d. Plaintiffs will fairly and adequately protect the interests of WOWA Class members because they have a commonality of interest in the subject matter and remedies sought. If individual actions were required to be brought by each injured and affected member of the

    class, the result would be a multiplicity of actions creating a hardship on WOWA Class members, Defendant, and the Court;

    e. Neither Plaintiffs nor their counsel have interests that are contrary to, or conflicting with, the interests of the class;

    f. Plaintiffs are represented by attorneys who are experienced and competent in both class litigation and wage and hour litigation.

38. Because the elements of Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010) ("[b]y its terms, [Rule 23] creates a categorical rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

39. Because Defendant acted and refused to act on grounds that apply generally to the class and declaratory relief is appropriate in this case with respect to the class as a whole, class certification pursuant to Rule 23(b)(2) is also appropriate.

## COUNT I

**Failure to Compensate Employees for Hours Worked in Violation of the FLSA**

40. Plaintiffs hereby repeat and reallege all preceding paragraphs as though fully set forth herein.

41. From approximately April 2019 to present, Defendant has willfully violated the FLSA by failing to compensate Plaintiffs and FLSA Class members for time spent changing clothes.

42. Article 43.1 of the Agreement does not waive compensability for changing clothes, as permissible under the FLSA, 29 U.S.C. § 203(o), because Defendant and Union did not contemplate the drastic increase in time spent changing clothes when negotiating and entering into the Agreement.

43. Defendant has not compensated Plaintiffs and FLSA Class members for time spent changing clothes.

44. The *de minimis* exception to compensability under the FLSA does not apply because the vast majority of time spent changing clothes is not spent "changing clothes" within the meaning of the FLSA. Employees spend a significant amount of time changing into and out of items that are not considered "clothes" within the meaning of the FLSA. *See Sandifer v. US Steel*, 571 U.S. 220 (2014).

## COUNT II

**Failure to Compensate Employees for Hours Worked in Violation of the FLSA**

45. Plaintiffs hereby repeat and reallege all preceding paragraphs as though fully set forth herein.

46. From approximately April 2019 to present, Defendant has willfully violated the FLSA by failing to pay Plaintiffs and FLSA Class members the appropriate wage for all hours worked.

47. The time employees spend sanitizing, washing hands, waiting in line to wash their hands or sanitize, and walking to and from workstations post-donning and from workstations to donning areas is compensable time as these activities are not "changing clothes" within the meaning of the FLSA, 29 U.S.C. § 203(o). *See Franklin v. Kellogg Co.*, 619 F.3d 604 (6th Cir. 2010).

48. Defendant has not compensated Plaintiffs and FLSA Class members for time spent sanitizing, washing hands, waiting in line to wash their hands or sanitize, or walking to and from workstations post-donning and from workstations to donning areas in violation of the FLSA.

49. The *de minimis* exception to compensability under the FLSA does not apply because the vast majority of time purportedly spent "changing clothes" is actually spent on sanitizing, washing hands, waiting in line to wash their hands or sanitize, and walking to and from workstations post-donning and from workstations to donning areas.

## COUNT III

**Failure to Compensate Employees for Hours Worked in Violation of the WOWA**

50. Plaintiffs hereby repeat and reallege all preceding paragraphs as though fully set forth herein.

51. Defendant has willfully violated the WOWA by failing to pay Plaintiffs and WOWA Class members the appropriate wage for all hours worked.

52. The WOWA does not contain any provision similar to Section 3(o) of the FLSA; therefore, the Union may not waive compensability for any hours worked by Plaintiffs and WOWA Class members under the WOWA.

53. The time Plaintiffs and WOWA Class members spend donning and doffing, walking, sanitizing, hand washing, and waiting to do any such activities is compensable within the meaning of the WOWA.

54. Defendant has not compensated Plaintiffs and WOWA Class members for time spent donning and doffing, walking, sanitizing, hand washing, and waiting to do any such activities in violation of the WOWA.

55. There is no *de minimis* exception under the WOWA.

56. Plaintiffs' claims are not "inextricably intertwined" with provisions of the Agreement so as to be preempted by Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 185. *See Bratton v. Starwood Hotels & Resorts Worldwide, Inc.*, 65 F. Supp. 3d 8, 19 (D.D.C. 2014).

## RELIEF REQUESTED

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, respectfully request that the Court grant the following relief:

a. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count I – II);

b. Certifying this action as a class action pursuant to Rule 23(b)(2) and (3) with respect to Plaintiffs' state law claims (Count III);

c. Designating Plaintiffs as the representative of the FLSA collective action and the Rule 23 class action, and undersigned counsel as class counsel for the same;

d. Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all collective and class action members, and permitting Plaintiffs to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the collective and class action members of their rights by law to join and participate in this lawsuit;

e. Granting judgment in favor of Plaintiffs and against Defendant and awarding Plaintiffs and the collective and class action members the full amount of damages and liquidated damages available by law;

f. Declaring Defendant violated the FLSA and the WOWA;

g. Declaring Defendant's actions in violation of the FLSA and the WOWA were willful;

h. Awarding reasonable attorneys' fees and costs incurred by Plaintiffs in filing this action as provided by statute;

i. Awarding pre- and post-judgment interest to Plaintiffs on these damages; and

j. Awarding such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiffs Keith Howard, Archie Smith, Stephanie Banks, Kevin Jackson, Jerry Pancyzk, Marianne Heikkila, Terry Greenfield, and Autumn Tendzieloski, on behalf of themselves and all others similarly situated, by and through their attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: July 16, 2019

                      Respectfully submitted,

                      __/s/ Gordon A. Gregory___
                      Gordon A. Gregory (P14359)
                      Richard M. Olszewski (P81335)
                      Gregory, Moore, Brooks & Clark, P.C.
                      65 Cadillac Square, Suite 3727
                      Detroit, MI 48226
                      (313) 964-5600
                      gordon@unionlaw.net
                      rich@unionlaw.net
                      *Attorneys for Plaintiffs*