# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN

KEITH HOWARD, ARCHIE SMITH,
STEPHANIE BANKS, KEVIN JACKSON,
JERRY PANCYZK, MARIANNE
HEIKKILA, TERRY GREENFIELD, AND
AUTUMN TENDZIELOSKI, on behalf of
themselves and all other persons similarly
situated, known and unknown,

                Plaintiffs,

v.

POST FOODS, LLC, a Delaware Limited
Liability Company,

                Defendant.

Case No. 19-cv-00570

Honorable Hala Y. Jarbou

**DEFENDANT'S MOTION TO
STRIKE PLAINTIFFS' NOTICE OF
ADDITIONAL FACTUAL BASIS FOR
OPT-IN PLAINTIFFS' FLSA CLAIMS**

---

Gordon A. Gregory (P14359)
Matthew J. Clark (P76690)
Richard M. Olszewski (P81335)
GREGORY, MOORE, BROOKS
& CLARK, P.C.
65 Cadillac Square, Suite 3727
Detroit, MI 48226
(313) 964-5600
gordon@unionlaw.net
matt@unionlaw.net
rich@unionlaw.net
Attorneys for Plaintiffs

Craig J. Ackermann
Brian W. Denlinger
ACKERMANN TILAJEF
1180 S. Beverly Drive, Ste. 610
Los Angeles, CA 90035
(310) 277-0614
cja@ackermanntilajef.com
brian.w.denlinger@gmail.com
Attorneys for Plaintiffs

Allan S. Rubin (P44420)
Elyse K. Culberson (P82132)
JACKSON LEWIS P.C.
2000 Town Center, Ste. 1650
Southfield, MI 48075
(248) 936-1900
Allan.Rubin@jacksonlewis.com
Elyse.Culberson@jacksonlewis.com
Attorneys for Defendant

---

**DEFENDANT POST FOODS, LLC'S MOTION TO STRIKE PLAINTIFFS' NOTICE OF ADDITIONAL FACTUAL BASIS FOR OPT-IN PLAINTIFFS' FLSA CLAIMS**

Defendant Post Foods, LLC ("Defendant" or "Post"), through its counsel, Jackson Lewis P.C., respectfully requests that this Court strike Plaintiffs' Notice of Additional Factual Basis for Opt-In Plaintiffs' FLSA Claims (ECF No. 57) because it was filed in violation of Fed. R. Civ. P. 15(d) and LCivR 7.1(d) as Plaintiffs' failed to seek leave from the Court or seek concurrence from Defendant's counsel before filing it, and it is otherwise an improper attempt to amend Plaintiffs' First Amended Complaint by adding new claims.

In support of this Motion, Defendant relies on the accompanying Brief in Support and all pleadings previously filed in this action. Pursuant to LCivR 7.1(d), counsel for Defendant sought concurrence in the relief requested from Plaintiffs' counsel on January 24, 2022, but concurrence was denied.

WHEREFORE, Defendant Post Foods, LLC respectfully requests that this Court grant Defendant's Motion and enter an order striking Plaintiffs' Notice of Additional Factual Basis for Opt-In Plaintiffs' FLSA Claims (ECF No. 57).

Respectfully submitted,
JACKSON LEWIS P.C.

By: */s/ Elyse K. Culberson*
Allan S. Rubin (P44420)
Elyse K. Culberson (P82132)
Attorneys for Defendant
2000 Town Center, Ste. 1650
Southfield, MI 48075
(248) 936-1900
Allan.Rubin@jacksonlewis.com
Dated:   January 24, 2022            Elyse.Culberson@jacksonlewis.com

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN

KEITH HOWARD, ARCHIE SMITH,
STEPHANIE BANKS, KEVIN JACKSON,
JERRY PANCYZK, MARIANNE
HEIKKILA, TERRY GREENFIELD, AND
AUTUMN TENDZIELOSKI, on behalf of
themselves and all other persons similarly
situated, known and unknown,

                Plaintiffs,

v.

POST FOODS, LLC, a Delaware Limited
Liability Company,

                Defendant.

Case No. 19-cv-00570

Honorable Hala Y. Jarbou

**BRIEF IN SUPPORT OF
DEFENDANT'S MOTION TO
STRIKE PLAINTIFFS' NOTICE OF
ADDITIONAL FACTUAL BASIS FOR
OPT-IN PLAINTIFFS' FLSA CLAIMS**

Gordon A. Gregory (P14359)
Matthew J. Clark (P76690)
Richard M. Olszewski (P81335)
GREGORY, MOORE, BROOKS
& CLARK, P.C.
65 Cadillac Square, Suite 3727
Detroit, MI 48226
(313) 964-5600
gordon@unionlaw.net
matt@unionlaw.net
rich@unionlaw.net
Attorneys for Plaintiffs

Craig J. Ackermann
Brian W. Denlinger
ACKERMANN TILAJEF
1180 S. Beverly Drive, Ste. 610
Los Angeles, CA 90035
(310) 277-0614
cja@ackermanntilajef.com
brian.w.denlinger@gmail.com
Attorneys for Plaintiffs

Allan S. Rubin (P44420)
Elyse K. Culberson (P82132)
JACKSON LEWIS P.C.
2000 Town Center, Ste. 1650
Southfield, MI 48075
(248) 936-1900
Allan.Rubin@jacksonlewis.com
Elyse.Culberson@jacksonlewis.com
Attorneys for Defendant

## TABLE OF CONTENTS

Statement of Issues Presented.............................................................................ii

Index of Authorities ........................................**Error! Bookmark not defined.**

I.    Introduction…………………………………………………………………1

II.    Statement of Relevant Facts ...................................................................2

III.   Argument……………………………………………………………...…..4

          A.    Plaintiffs' Notice Should Be Stricken Because It Is Improper And Plaintiffs Had No Authority To File It..............4

          B.    Plaintiffs' Notice Should Be Stricken Because It Is An Improper Attempt To Amend And/Or Supplement Their First Amended Complaint. ................................................5

IV.   Conclusion…………………………………………………………….…...6

i

## STATEMENT OF ISSUES PRESENTED

I.    Whether this Court should strike Plaintiffs' Notice of Additional Factual Basis for Opt-In Plaintiffs' FLSA Claims (ECF No. 57) because it is neither a pleading nor motion recognized or permitted by Fed. R. Civ. P. 7; Plaintiffs failed to seek concurrence before filing it in accordance with LCivR 7.1(d) and did not have authority to file it under Fed. R. Civ. P. 15; and it is otherwise an improper attempt to amend and/or supplement their First Amended Complaint?

Defendant answers:   Yes

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acceptance Indem. Ins. Co. v. Shepard*,
  Case No. 19-12777, 2021 U.S. Dist. LEXIS 52769 (E.D. Mich. Mar. 22, 2021).................................................4

*Evans v. Jackson*,
  No. 4:03-155, 2008 U.S. Dist. LEXIS 21164 (W.D. Mich. Mar. 18, 2008)...........................................................5

*Jones v. Northcoast Behavioral Healthcare Sys.*,
  84 Fed. App'x 579 (6th Cir. 2003)...........................................................................................4

*Ross, Brovings & Oehmke, P.C. v. Lexis Nexis Grp.*,
  463 F.3d 478 (6th Cir. 2006)...............................................................................................4

**Statutes**

Fair Labor Standards Act Section 207, 29 U.S.C. § 201, et seq......................................................1, 2

FLSA .................................................................................................................1, 2, 3

FLSA Section 216(b)...........................................................................................................1

Michigan's Improved Workforce Opportunity Wage Act ....................................................................1

**Other Authorities**

Fed. R. Civ. P. 7...........................................................................................................2, 4, 5

Fed. R. Civ. P. 7(a).........................................................................................................4

Fed. R. Civ. P. 15...........................................................................................................5, 6

Fed. R. Civ. P. 15(a)(1)....................................................................................................4

Fed. R. Civ. P. 15(a)(1)(B).................................................................................................5

Fed. R. Civ. P. 15(d)....................................................................................................2, 3, 4

# I.     INTRODUCTION

Plaintiffs are unionized employees of Defendant Post Foods LLC ("Post") who work at Post Foods' Battle Creek plant. On November 16, 2019, Plaintiffs filed their First Amended Complaint against Post, alleging that Post failed to pay overtime for time they claim is working time (i.e., changing clothes, washing their hands, and walking to their workstations), but not counted as time worked when calculating overtime. (*See* ECF No. 21.) This, Plaintiffs allege, caused them not to be paid for all overtime due under Section 207 of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA").[1] (*Id.*) Plaintiffs seek to bring their FLSA claims as a collective action under Section 216(b) of the FLSA. (*Id.*)

Since Post filed its Answer to Plaintiffs' First Amended Complaint on February 2, 2021 (ECF No. 34), the parties have engaged in discovery, which closed on December 27, 2021. (*See* ECF No. 50.) Yet now, almost three weeks after the close of discovery, and within weeks of the deadline to file dispositive motions, Plaintiffs have filed a document entitled "Notice of Additional Factual Basis for Opt-In Plaintiffs' FLSA Claims" (hereafter referred to as "Plaintiffs' Notice"). (*See* ECF No. 57.) In it, Plaintiffs purport to "advise Defendant and the Court" that they "would also like to assert claims for unpaid overtime wages based on certain pre-shift unpaid COVID-19 self-assessments, questionnaires, temperature checks, and related pre-shift waiting time associated with these screenings" in addition to their current claims related to time spent off-the-clock donning and doffing, waiting in line, and walking to-and-from their workstations. (*Id*. at PageID.806.)

---

[1] In their First Amended Complaint, Plaintiffs also alleged that they were not paid minimum wage for all hours worked as they alleged was required by Michigan's Improved Workforce Opportunity Wage Act ("WOWA"). (ECF No. 21.) This claim has since been dismissed pursuant to the parties' stipulation. (*See* ECF No. 50, PageID.772.)

Plaintiffs' Notice should be stricken because it is improper. Plaintiffs' Notice is neither a pleading nor motion recognized by Fed. R. Civ. P. 7. And Plaintiffs lacked authority under Fed. R. Civ. P. 15(d) to file it and failed to seek concurrence before doing so as required by LCivR 7.1(d). Indeed, Plaintiffs' Notice is nothing more than an improper, eleventh-hour attempt to amend and/or supplement their First Amended Complaint to include new claims relative to COVID-19 requirements at Post's Battle Creek location. Accordingly, this Court should grant Post's Motion and enter an order striking Plaintiffs' Notice (ECF No. 57).

## II.    STATEMENT OF RELEVANT FACTS

On November 16, 2019, Plaintiffs filed their First Amended Complaint alleging that Post failed to pay overtime for time they claim is working time but not counted as time worked when calculating overtime, in violation of the Section 207 of the FLSA. (*See generally*, ECF No. 21.) Specifically, Plaintiffs asserted that Post did not compensate them for hours worked changing clothes and for time spent donning and doffing earplugs, bump caps, and hairnets, sanitizing, washing hands, waiting in line to wash their hands or sanitize, and walking to and from their workstations post-donning. (*Id.*)

On January 13, 2022, about three weeks after the close of discovery and less than three weeks before the deadline for filing dispositive motions, Plaintiffs filed "Plaintiffs' Notice of Additional Factual Basis for Opt-In Plaintiffs' FLSA Claims," which states as follows in relevant part:

> Plaintiffs' counsel would like to advise Defendant and the Court that, as an additional factual basis for the Opt-In Plaintiffs' sole remaining cause of actions for unpaid overtime wages associated with off-the-clock work time pursuant to the [FLSA], the Opt-In Plaintiffs would all like to assert claims for unpaid overtime wages based on pre-shift unpaid COVID-19 self-assessments, questionnaires, temperature checks, and related pre-shift waiting time associated with these screenings of 5-10 minutes per work-shift that they all experienced prior to their shift start times (in addition to the alleged unpaid time they spent and spend on off-the-clock CUP time associated with donning and doffing, waiting in line to wash

2

hands or sanitize, sanitizing, washing their hands, and walking to and from workstations, as asserted in Plaintiffs' First Amended Complaint), since April of 2020 and on an ongoing basis…

(ECF No. 57, PageID.805-06.) Although not alleged in their First Amended Complaint, Plaintiffs proceed to assert legal argument supporting their new claims, citing to guidance issued by the United States Department of Labor relative to COVID-19 temperature checks and health screenings and purporting to apply that guidance to this case. (*Id*. at PageID.807.) Indeed, Plaintiffs declare that they are now asserting claims for this time, which is a completely new basis for their alleged damages: "[t]he Opt-In Plaintiffs' claims for this additional unpaid, pre-shift compensable time *are asserted*, …. and include claims for *liquidated damages* for this unpaid COVID Screening Time, and for *attorneys' fees and costs*." (*Id*. at PageID.808) (emphasis added).

Tellingly, Plaintiffs attempt to justify their new claims by asserting that, "[t]o be clear, the Opt-In Plaintiffs are not alleging an additional cause of action. Rather, they are only notifying Defendant and the Court of a slightly different factual predicate to the sole remaining cause of action for unpaid overtime wages pursuant to the FLSA." (*Id*. at n. 2.) Yet contrary to this statement, counsel for Plaintiffs goes on to assert that "Plaintiffs' counsel submits this [Notice] *in lieu of* commencing a separate action on behalf of all the 430 Opt-In Plaintiffs for unpaid overtime wages pursuant to the FLSA for COVID Screening Time, which Plaintiffs' counsel would *otherwise seek to consolidate* with the immediate action…" (*Id*.) (emphasis added.)

Despite Plaintiffs' contentions, Plaintiffs' Notice should be stricken because it is neither a pleading nor motion recognized or permitted by the Federal Rules; Plaintiffs failed to seek leave from the Court or seek concurrence from Defendant's counsel before filing it in violation of Fed. R. Civ. P. 15(d) and LCivR 7.1(d), respectively; and it is otherwise an improper attempt to

circumvent the requirements of Fed. R. Civ. P. 15(a)(1) and assert a new claim not previously pled in their First Amended Complaint.

## III.    ARGUMENT

### A.    Plaintiffs' Notice Should Be Stricken Because It Is Improper And Plaintiffs Had No Authority To File It.

Under Fed. R. Civ. P. 7, only the following pleadings are allowed: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court requires one, a reply to an answer. Fed. R. Civ. P. 7(a). Other than these pleadings, a request for a court order must be made by a written motion, unless made during a hearing or trial, that states the grounds for seeking the order with particularity as well as the relief sought. *Id*. at (b).

Further, pursuant to Fed. R. Civ. P. 15(d), a party may only file supplemental pleadings "[o]n motion and reasonable notice." Fed. R. Civ. P. 15(d). Only upon party's filing of a motion for leave with reasonable notice, "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." *Id*. When a party fails to seek leave to file supplemental pleadings, a court is well within its discretion to strike the pleading for violating the Federal Rules of Civil Procedure. *See Acceptance Indem. Ins. Co. v. Shepard*, Case No. 19-12777, 2021 U.S. Dist. LEXIS 52769, at *18 (E.D. Mich. Mar. 22, 2021) (citing *Ross, Brovings & Oehmke, P.C. v. Lexis Nexis Grp.*, 463 F.3d 478, 488 (6th Cir. 2006) (emphasizing that the movant did not seek leave to file a supplemental/reply brief before upholding the district court's decision to strike the brief))[2]; *see also Jones v. Northcoast Behavioral Healthcare Sys.*, 84 Fed. App'x 579, 599 (6th

---

[2] Unpublished cases are attached hereto as Exhibit 1.

Cir. 2003) (affirming district court's decision to strike supplemental brief where the plaintiff had no authority to file supplemental briefing).

Here, the Court should strike and otherwise not consider Plaintiffs' Notice because it is improper, and Plaintiffs had no authority to file it. First, it is neither a pleading nor a motion. Fed. R. Civ. P. 7. Rather, it is simply Plaintiffs' self-serving announcement that they intend to rely upon a new set of facts to support a new claim relative to COVID-19 requirements, which is not permitted by the Federal Rules. Plaintiffs' Notice should be stricken for this reason alone.

And even if Plaintiffs' Notice could be construed as a pleading or motion permitted by the Federal Rules (which it is not), Plaintiffs failed to file a Motion for Leave as required by Fed. R. Civ. P. 15 and failed to seek concurrence in violation of LCivR 7.1(d) before filing it. Indeed, the Court is well within its discretion to strike Plaintiffs' Notice for Plaintiffs' blatant violation of both Fed. R. Civ. P. 15 and LCivR 7.1(d). Therefore, because Plaintiffs' Notice violates the Federal and Local Rules, the Court should strike Plaintiff's Notice.

**B.** **Plaintiffs' Notice Should Be Stricken Because It Is An Improper Attempt To Amend And/Or Supplement Their First Amended Complaint.**

A party may only amend its complaint as a matter of course within twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). Thereafter, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* at (a)(2). "While leave to permit a supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action." *Evans v. Jackson*, No. 4:03-155, 2008 U.S. Dist. LEXIS 21164, at *1 (W.D. Mich. Mar. 18, 2008).

Here, Plaintiffs' Notice is nothing more than an attempt to amend and/or supplement their First Amended Complaint to include additional claims for overtime for time spent undergoing certain COVID-19-related requirements at Post's Battle Creek facility. But Plaintiffs failed to seek

Post's written consent or obtain leave from the Court prior to filing their Notice. Thus, because Plaintiffs failed to do so prior to filing their Notice, which adds separate and distinct claims, Plaintiffs' Notice should be stricken from the record. At the very least, should Plaintiffs seek to rely on these claims, Plaintiffs should be required to file a motion for leave under Fed. R. Civ. P. 15, at which time Post would be afforded the opportunity to file a response in opposition.

## IV.    CONCLUSION

WHEREFORE, Defendant Post Foods, LLC respectfully requests that this Court grant Defendant's Motion and enter an order striking Plaintiffs' Notice of Additional Factual Basis for Opt-In Plaintiffs' FLSA Claims (ECF No. 57).

> Respectfully submitted,
> JACKSON LEWIS P.C.
>
> By: */s/ Elyse K. Culberson*
> Allan S. Rubin (P44420)
> Elyse K. Culberson (P82132)
> Attorneys for Defendant
> 2000 Town Center, Ste. 1650
> Southfield, MI 48075
> (248) 936-1900
> Allan.Rubin@jacksonlewis.com
> Elyse.Culberson@jacksonlewis.com

Dated:   January 24, 2022